O

# United States District Court
# Central District of California

| | |
|---|---|
| CITY OF LOS ANGELES,<br><br>                Plaintiff,<br><br>        v.<br><br>CITIGROUP INC.; CITIBANK, N.A.; CITIMORTGAGE, INC.; CITICORP TRUST BANK, FSB; and CITI HOLDINGS, INC.,<br><br>                Defendants. | Case No. 2:13-cv-09009-ODW(RZx)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL [50]** |

## I.    INTRODUCTION

Before the Court is a Motion for Certification of Order for Immediate Appeal under 28 U.S.C. § 1292(b) filed by Defendants Citigroup Inc.; Citibank, N.A.; CitiMortgage, Inc.; Citicorp Trust Bank, FSB; and Citi Holdings, Inc. ("Defendants" or "Citi"). This is the second such motion filed in the related cases brought by Plaintiff City of Los Angeles ("L.A.") against large lending institutions for alleged discriminatory lending practices. In the Motion, Citi seeks certification of two issues for interlocutory appeal from the Court's June 9, 2014 Order Denying Defendants' Motion to Dismiss. Citi expressly incorporates the arguments made in Wells Fargo's identical motion in *City of Los Angeles v. Wells Fargo*, No. 2:13-cv-9007-

ODW(RZx), ECF No. 42. But Citi also raises two additional arguments. For the reasons discussed below, the Court **DENIES** Citi's Motion.[1] (ECF No. 50.)

## II. FACTUAL BACKGROUND

This action is one of four related cases filed by L.A. against large lending institutions for allegedly discriminatory lending practices.[2] In this case, L.A. brings two claims against Citi for (1) violating the federal Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601–19, and (2) common-law restitution. (ECF No. 1.) L.A. alleges that Citi discriminated against minority borrowers in Los Angeles when issuing home loans. According to L.A., that discrimination resulted in foreclosures that decreased property-tax revenue and increased the need for municipal services.

Citi moved to dismiss and strike portions of the Complaint on several grounds, including lack of standing, expiration of the statute of limitations, and failure to state a claim. (ECF Nos. 29, 30.) On June 9, 2014, the Court denied both motions in their entirety. (ECF No. 47.) For the sake of brevity, the Court refers to and incorporates the factual background and findings from its June 9, 2014 Order here.

The present Motion was filed by Citi on July 3, 2014, expressly incorporating the arguments made by Wells Fargo in an identical motion to certify issues for interlocutory appeal in one of the related cases. *See City of L.A. v. Wells Fargo*, No. 2:13-cv-9007-ODW(RZx), ECF No. 42. But four days after Citi filed the instant Motion, this Court denied Wells Fargo's motion. *Id.* at ECF No. 48. However, on July 10, 2014, Citi filed a Notice of Supplemental Authority, citing a new decision out of the Southern District of Florida in a similar series of cases where the City of Miami has sued large banks under the FHA.[3] (ECF No. 53, Exs. A–C.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

[2] *See City of L.A. v. Wells Fargo*, No. 2:13-cv-9007-ODW(RZx); *City of L.A. v. Bank of Am. Corp.*, No. 2:13-cv-9046-PA(AGRx); *City of L.A. v. JPMorgan Chase & Co.*, No. 2:14-cv-4168-ODW(RZx).

[3] The Southern District of Florida decision is also the basis for a Motion for Reconsideration in the *Wells Fargo* case. *See* No. 13-cv-9007-ODW(RZx), ECF No. 49.

On July 14, 2014, L.A. filed a timely opposition to Citi's Motion, addressing the Southern District of Florida cases. (ECF No. 54.) The matter is now before the Court for decision.

### III. LEGAL STANDARD

Normally, appeals follow final judgment. *See* 28 U.S.C. § 1291; *Couch v. Telescope Inc.*, 611 F.3d 629, 632 (9th Cir. 2010) ("[P]arties may appeal only from orders which end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." (internal quotation marks omitted)). But there is a narrow exception to the final-judgment rule: a district court may certify a non-final order for interlocutory appeal if the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Because the requirements of § 1292(b) are jurisdictional, courts cannot certify an appeal if the circumstances do not strictly satisfy the statutory prerequisites for granting certification. *Couch*, 611 F.3d at 633. Certification under § 1292(b) is not routine. Indeed, interlocutory appeals are reserved only for "exceptional" cases. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996).

### IV. DISCUSSION

While Citi raised several grounds for dismissal in its Motion to Dismiss, Citi seeks interlocutory appeal on only two issues:

(1) Whether the "zone-of-interests" limitation described in *Lexmark International, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014), and in *Thompson v. North American Stainless, LP*, 131 S. Ct. 863 (2011), applies to a claim under the federal Fair Housing Act, so as to limit, beyond the limitations imposed by the standing requirements of Article III, the persons "aggrieved" who may sue under the FHA.

/ / /

   (2) Whether a claim for "restitution" or "unjust enrichment" under California law requires a plaintiff to plead and prove the elements of a separate predicate cause of action under California law . . . .

(Mot. 1:7–24.)

  The Court agrees with Citi—as it did in the *Wells Fargo* case—that both issues satisfy the first requirement for interlocutory appeal: they present "controlling question[s] of law." *See In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1982) ("[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court."). If the Ninth Circuit were to reverse this Court's decision on either of the two issues presented by Citi, it would materially affect the outcome of the litigation because a reversal would eliminate one or both of L.A.'s claims in this case. For the same reason, the third requirement for interlocutory appeal is also satisfied—an immediate appeal would "materially advance the ultimate termination of the litigation." The questions presented by Citi for appeal are threshold issues that determine whether L.A. can even pursue its claims against Citi. A reversal from the Ninth Circuit could put a stop to L.A.'s litigation before substantial discovery and additional motion practice occurs.

  However, the second requirement—"substantial ground for difference of opinion"—is problematic for Citi. Citi expressly incorporates the arguments made by Wells Fargo in that bank's identical motion, and the Court does the same here, expressly incorporating the findings from its July 7, 2014 Order Denying Motion for Certification of Order for Immediate Appeal. *See Wells Fargo*, No. 2:13-cv-9007-ODW(RZx), ECF No. 48. In that Order, the Court found that no substantial ground for difference of opinion existed to make the zone-of-interests and restitution issues "exceptional" for the purposes of interlocutory appeal. *Id.* Citi raises no new arguments on the restitution issue, so the Court's analysis remains unchanged in that

/ / /

regard. But Citi does raise two additional arguments with respect to the FHA's zone of interests, which the Court will address.

First, Citi contends that interlocutory appeal is appropriate here because there are at least fifteen similar FHA cases—all brought by municipalities—pending in courts across the country. (Mot. 2–3 n.2.) According to Citi, appellate review of the zone-of-interests issue serves a broader interest and will resolve an issue important to all of the cases. *See* 16 Charles Alan Wright et al., Federal Practice & Procedure § 3930 (3d ed.) (stating that courts may consider "the opportunity to achieve appellate resolution of an issue important to other cases" in deciding whether to certify an order under § 1292(b)). But Citi's argument is actually relevant to the "controlling question of law" inquiry, which this Court has already found favors interlocutory appeal. *See id.* Moreover, the practice manual Citi relies on points out that the pendency of similar cases cannot be the only reason for appellate review. *See id.* This additional argument in Citi's Motion does nothing to alter the Court's previous findings with respect to the requirement that there be "substantial ground for difference of opinion" to certify the zone-of-interests issues for interlocutory appeal.

Citi's second additional argument is that a recent district court decision in the Southern District of Florida, where similar cases brought by the City of Miami were dismissed, gives rise to a "substantial ground for difference of opinion." (ECF No. 53, Exs. A–C.) In *City of Miami v. Bank of America Corp.*, No. 1:13-cv-24506-WPD, 2014 WL 3362348, at *3–4 (S.D. Fla. July 9, 2014), the court found that the City of Miami's claims did not fall within the FHA's zone of interests.[4]

But the Court finds that the *City of Miami* decision does not alter its assessment that this case is not exceptional for the purposes of interlocutory appeal. District court decisions from outside the Ninth Circuit do not create a substantial ground for difference of opinion. *See In re Thinkfilm, LLC*, No. 12-cv-9795-PSG, 2013 WL

---

[4] The court adopted its findings in the *Bank of America* case to dismiss the City of Miami's related complaints in *City of Miami v. Citigroup Inc.*, No. 1:13-cv-24510-WPD (S.D. Fla. July 9, 2014), and *City of Miami v. Wells Fargo & Co.*, No. 1:13-cv-24508-WPD (S.D. Fla. July 9, 2014).

654010, at *2 (C.D. Cal. Feb. 21, 2013) (finding no substantial ground for difference of opinion "based on a case that is not binding on any court in this circuit"); *Natural Res. Def. Council v. Cnty. of L.A.*, No. 08-cv-1467-AHM(PLAx), 2011 WL 318543, at *1 (C.D. Cal. Jan. 27, 2011) ("[A] single conflicting district court opinion from a different circuit is not sufficient to establish a substantial ground for difference of opinion. If it were, interlocutory appeals likely would be justified on any number of issues in routine cases, rather than only in exceptional cases." (internal quotations and citations omitted)).

Furthermore, the court in *City of Miami* exclusively relied on Eleventh Circuit precedent in *Nasser v. City of Homewood*, 671 F.2d 432 (11th Cir. 1982). The court acknowledged that *Nasser* was the basis for its divergence from L.A.'s cases in this district. *See City of Miami v. Bank of Am. Corp.*, 2014 WL 3362348, at *3–4 n.2 ("Unlike the district court in *City of Los Angeles*, this Court is in the Eleventh Circuit so it is bound by the Eleventh Circuit's opinion in [*Nasser*] . . . . If it turns out that the zone of interests for purposes of standing under the FHA is as broad as Article III standing, this court's ruling may very well be different as to the zone of interests analysis . . . ."). But this Court is located in the Ninth Circuit and is in no way bound by Eleventh Circuit precedent. In fact, when analyzing the FHA's zone of interests, this Court relied on precedent from the highest legal authority—the Supreme Court— to find that the zone of interests under the FHA is as broad as Article III standing.[5] *See Trafficante v. Metro Life Ins. Co.*, 409 U.S. 205, 210 (1972) (discussing the FHA's legislative history and holding that "[w]hile members of minority groups were damaged the most from discrimination in housing practices, the proponents of the legislation emphasized that those who were not the direct objects of discrimination had an interest in ensuring fair housing, as they too suffered."). The Court is

/ / /

---

[5] This Court also notes that the Supreme Court's decision in *Thompson*—which expressly declined to limit the FHA's zone of interests—was decided decades after the Eleventh Circuit decision in *Nasser*. *See Thompson*, 134 S. Ct. at 1388–89.

unwilling to find a substantial ground for difference of opinion based on a single out-of-district, out-of-circuit decision.

## V. CONCLUSION

For the reasons discussed above, and in the Court's July 3, 2014 Order Denying Motion for Certification of Order for Immediate Appeal in the *Wells Fargo* case, the Court **DENIES** Citi's Motion for Certification of Order for Interlocutory Appeal. (ECF No. 50.)

**IT IS SO ORDERED.**

August 12, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**