MICHAEL N. FEUER (SBN 111529)
CITY ATTORNEY
*mike.feuer@lacity.org*
JAMES P. CLARK (SBN 64780)
CHIEF DEPUTY CITY ATTORNEY
*james.p.clark@lacity.org*
CITY OF LOS ANGELES
200 N. Main Street, Room 800
Los Angeles, CA 90012
Telephone: (213) 978-8100

STEVE W. BERMAN (*pro hac vice*)
*steve@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292

ELAINE T. BYSZEWSKI (SBN 222304)
*elaine@hbsslaw.com*
LEE M. GORDON (SBN 174168)
*lee@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 203
Pasadena, CA 91101
Telephone: (213) 330-7150

[Additional Counsel Listed on Signature Page]

*Attorneys for Plaintiff the City of Los Angeles*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CITY OF LOS ANGELES, a municipal corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CITIGROUP INC.; CITIBANK, N.A.; CITIMORTGAGE, INC.; CITICORP TRUST BANK, FSB; and CITI HOLDINGS, INC.<br><br>　　　　　　　　　　Defendants. | No. 2:13-cv-09009-ODW(RZx)<br><br>**[PROPOSED] PROTECTIVE ORDER ON AMENDED STIPULATION REGARDING CONFIDENTIAL INFORMATION**<br><br>**DISCOVERY MATTER** |

The following terms of the Amended Stipulation Regarding Confidential Information submitted by Plaintiff City of Los Angeles and Defendants Citigroup Inc., Citibank, N.A., Citimortgage, Inc., Citicorp Trust Bank, FSB, and Citi Holdings, Inc., meet with the approval of the court.

**IT IS HEREBY ORDERED THAT:**

## PURPOSES AND SCOPE

1. Disclosure and discovery activity in this Litigation are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Litigation would be warranted. The unrestricted disclosure of such information would cause undue damage to the parties and their businesses. Accordingly, the parties in this action hereby stipulate to and petition the Court to enter the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protections outlined herein extend only to the limited information or items that are entitled to treatment as confidential under applicable legal principles.

2. The parties further acknowledge that this Protective Order creates no entitlement to file Confidential Information under seal. Local 79-5.1 sets forth the procedures that must be followed, and reflects the standards that will be applied, when a party seeks permission from the Court to file material under seal.

3. This Order shall govern all materials produced as part of a party's Initial Disclosures under Federal Rule of Civil Procedure 26(a)(1), produced in connection with this Litigation, or produced in response to any discovery request in the Litigation (including, but not limited to, documents, deposition transcripts, interrogatory responses, and responses to requests for admission) or to any party or non-party subpoena; all information contained in those materials; and all copies, excerpts, or summaries of those materials (collectively, "Discovery Materials").

[PROPOSED] PROTECTIVE ORDER ON AMENDED
STIPULATION RE CONFIDENTIAL INFORMATION

**DESIGNATING CONFIDENTIAL MATERIAL**

4. Any party or non-party may designate as confidential (by stamping the relevant page "Confidential" or as otherwise set forth herein) any Discovery Materials which that party or non-party ("Disclosing Party") considers in good faith are confidential because they include any of the following: (a) individual personal information that is protected from disclosure under state or federal law (including identifying personal financial information); (b) trade secrets; (c) confidential financial information that, if disclosed to the general public or competitors of the Disclosing Party, could reasonably be expected to cause identifiable, significant harm to the Disclosing Party; (d) confidential underwriting and pricing models or criteria; (e) competitive compensation structures or information regarding individual employee compensation; or (f) information that the Disclosing Party has a duty to a third party or to the court to maintain as confidential (collectively, "Confidential Information"). The parties respectfully submit that good cause exists to protect these narrow categories of information as confidential, as this Litigation is predicated on issues related to mortgage loans issued by Defendants to their non-party customers, and therefore discovery in this Litigation will include disclosure of materials with non-public personal financial and other confidential information of these non-party bank customers. *See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003) (protective order appropriate to protect "trade secrets, financial information, and third-party medical or personnel information"); *Humboldt Baykeeper v. Union Pac. R. Co.*, 244 F.R.D. 560, 563 (N.D. Cal. 2007) (protective order appropriate where "disclosure … would cause an identifiable, significant harm"); *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 73 (S.D.N.Y. 2010) (protective order appropriate to protect individuals' personal information); *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (protective order

[PROPOSED] PROTECTIVE ORDER ON AMENDED
STIPULATION RE CONFIDENTIAL INFORMATION

1 appropriate to protect "trade secrets and confidential information" the "public
2 dissemination" of which would cause "great economic harm").

3     5. Where a document or response consists of more than one page, the first
4 page and each page on which Confidential Information appears shall be so
5 designated. The parties agree, however, that confidentiality designations initially
6 may be made at the document level, not the page level (each page of any documents
7 so designated shall still be stamped "Confidential"). If a party challenges all or any
8 part of the confidentiality designation with respect to any Discovery Materials, or if a
9 party provides notice that it intends to file any Discovery Materials, the Disclosing
10 Party shall re-designate such Discovery Materials, as appropriate to address the non-
11 disclosing party's challenge or notice, on a page-by-page basis with respect to any
12 portion to be designated "Confidential". If the Disclosing Party does not re-designate
13 such Discovery Materials on a page-by-page basis within 15 business days of
14 receiving the non-disclosing party's challenge or notice of intent to file, then the
15 confidentiality designation shall be deemed withdrawn. If a party is producing a
16 large volume of multi-page consumer loans documents likely to contain Confidential
17 Information, in circumstances in which it may impose an undue burden to conduct a
18 page-by-page or document-by-document review for Confidential Information, the
19 Disclosing Party may designate all such documents as Confidential, subject to
20 challenge and notice as set forth herein.

21     6. The Disclosing Party may designate information disclosed by it during a
22 deposition or in response to written discovery as "Confidential" by so indicating in
23 said responses or on the record at the deposition and requesting the preparation of a
24 separate transcript of such material. Additionally the Disclosing Party may designate
25 in writing, within 30 days after service of said responses or receipt of the deposition
26 transcript for which the designation is proposed, that specific pages of the transcript
27 and/or specific responses be treated as Confidential Information. Any other party
28

- 3 -
[PROPOSED] PROTECTIVE ORDER ON AMENDED
STIPULATION RE CONFIDENTIAL INFORMATION

1 may object to such proposal, in writing or on the record. Deposition transcripts shall
2 be treated in their entirety as Confidential Information for 30 days after receipt,
3 unless a motion is due to be filed, in which case the 30 day period expires five days
4 prior to the motion filing deadline. If a transcript is received within five days prior to
5 a motion filing deadline, the transcript shall be treated as Confidential Information
6 until two court days prior to the motion filing deadline. All parties shall affix the
7 Confidential legend on each page of the deposition transcript designated Confidential
8 Information at the deposition or by subsequent written notice.

9     7. If it comes to a Disclosing Party's attention that information or items
10 that it designated for protection do not qualify for protection at all, the Disclosing
11 Party must promptly notify all other parties that it is withdrawing the mistaken
12 designation.

13     8. A party or non-party's inadvertent failure to timely designate any
14 Discovery Materials as Confidential Information does not waive that party's right to
15 secure protection under this Order for such material. At any time, the Disclosing
16 Party may designate Discovery Materials as Confidential Information by providing
17 written notice to the receiving party. Upon receiving notification of the designation,
18 the receiving party must make reasonable efforts to assure that the Confidential
19 Information is treated in accordance with the provisions of this Order going forward.

20     9. A party or non-party's failure to designate Discovery Materials as
21 Confidential Information does not constitute forfeiture of a claim of confidentiality
22 as to any other Discovery Materials.

23     **NONDISCLOSURE OF CONFIDENTIAL INFORMATION**

24     10. Except with the prior written consent of the Disclosing Party, or as
25 otherwise permitted pursuant to this Protective Order, Discovery Materials
26 designated Confidential Information shall only be used for the purpose of this
27 Litigation, the related lawsuit brought against Defendants in the Central District of
28

1  California by the Los Angeles Unified School District (No. 14-cv-7368), and any
2  lawsuit that the Court formally relates to this action ("Related Litigation"), including
3  any related appellate proceedings, and not for any other present or future disputes,
4  proceedings or litigation, or any other business, commercial, competitive, personal,
5  private, public, or other purpose whatsoever. Should additional litigation be filed
6  against Defendants that a party believes should also be designated as related
7  litigation in which Confidential Information may be used, the parties will meet and
8  confer in good faith regarding the issue.

## PERMISSIBLE DISCLOSURES

11. Discovery Materials designated Confidential Information in accordance with the terms of this Protective Order shall not be disclosed to any person other than the following, and only to the extent necessary in connection with this or Related Litigation:

    a. counsel for the parties to this Litigation or Related Litigation, including in-house counsel, co-counsel, and their associated attorneys, paralegals, and other professional personnel provided they are assisting such counsel with this Litigation or Related Litigation; are under the supervision or control of such counsel, and who have been advised by such counsel of their obligation hereunder;

    b. persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors, provided they are assisting with this Litigation or Related Litigation and have been advised by such counsel of their obligation hereunder;

    c. any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this Litigation or Related Litigation;

- 5 -
[PROPOSED] PROTECTIVE ORDER ON AMENDED
STIPULATION RE CONFIDENTIAL INFORMATION

1         d.     outside consultants or expert witnesses retained or consulted in connection with this Litigation or Related Litigation, provided that each such person shall execute a copy of the certification annexed to this Protective Order as Exhibit A before being shown or given any Confidential Information;

        e.     other witnesses who may testify at a deposition, hearing, or at trial, provided that such witnesses shall execute a copy of the certification annexed to this Protective Order as Exhibit A before being shown or given any Confidential Information;

        f.     an officer before whom a deposition is taken, including stenographic reports and any necessary secretarial, clerical or other personnel of such officer, provided that such persons shall execute a copy of the certification annexed to this Protective Order as Exhibit A before being shown or given any Confidential Information;

        g.     the original authors or recipients of the Confidential Information;

        h.     the Court, court personnel and court reporters (who shall have no obligation to execute the certification annexed to this Protective Order as Exhibit A); and

        i.     any other person provided that (i) the Disclosing Party has consented in writing to disclosure to such other person(s) and (ii) such person(s) shall execute a copy of the certification annexed to this Protective Order as Exhibit A before being shown or given any Confidential Information.

## RESOLVING DISPUTED CLASSIFICATIONS

12.     Should a party wish to object to a confidential designation of any Discovery Materials (the "Objecting Party"), the Objecting Party shall notify the Disclosing Party in writing regarding the basis for the dispute ("Designation Objection"). In its Designation Objection, the Objecting Party shall identify the specific Discovery Materials as to which the designation is disputed (i.e., by

document bates numbers, deposition transcript page and line reference, or other means sufficient to locate such materials).

    a)    Within 15 days of receiving the Designation Objection, the Disclosing Party and the Objecting Party shall meet and confer in good faith to attempt to resolve the dispute without involvement of the Court.

    b)    If no resolution is reached, this Order shall be without prejudice to the right of the parties (i) to bring before the Court through a jointly filed stipulation, pursuant to Local Rules 37-1 and 37-2 governing discovery disputes, the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

    c)    Nothing in this Protective Order shall be deemed to prevent the Disclosing Party from arguing during the determination process for limits on the use or manner of dissemination of Discovery Materials that is found to no longer constitute Confidential Information.

**SUBPOENA BY OTHER COURTS OR AGENCIES**

13. If at any time any Confidential Information is subpoenaed by a court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed shall give written notice thereof to the Disclosing Party within five days. After receipt of the notice specified under this paragraph, the person seeking to maintain confidentiality shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of the Confidential Information that has been subpoenaed. If the person seeking to maintain confidentiality does not

1  move for a protective order or other legal intervention within the time allowed for
2  production by the subpoena (or within such time as a court may direct or as may be
3  agreed upon between the designating person and the subpoenaing party) and give
4  written notice of such action to the subpoenaing party and the person to whom the
5  subpoena is directed, the person to whom the subpoena or other request is directed
6  may commence production in response thereto.  Nothing in this Order shall be
7  construed as authorizing a party to disobey a lawful subpoena issued in another
8  action.

**FILING DOCUMENTS UNDER SEAL**

14. No Confidential Information shall be filed in the public record without the written permission of the Disclosing Party, or a court's order.  The parties shall comply with Local Rule 79-5.1 and the Court's procedures (including section XVI and the Central District of California pilot program) when attempting to seal any document(s) reflecting Confidential Information.

15. Hard copies of any Discovery Materials containing Confidential Information which are served on opposing counsel shall be delivered in a sealed envelope stamped:

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

and shall be treated in accordance with the provisions of this Protective Order.

**CONFIDENTIAL INFORMATION AT TRIAL OR HEARINGS**

16. The restrictions, if any, that will govern the use of Confidential Information at trial or hearings, will be determined at a later date by the Court, in consultation with the parties.

**INADVERTANT DISCLOSURE OF CONFIDENTIAL INFORMATION**

17. If a party or its counsel inadvertently discloses Confidential Information to persons who are not authorized, pursuant to this Order, to use or possess the Confidential Information, the party who inadvertently disclosed the Confidential

- 8 -
[PROPOSED] PROTECTIVE ORDER ON AMENDED
STIPULATION RE CONFIDENTIAL INFORMATION

1  Information shall (i) provide prompt written notice of the disclosure to the
2  Disclosing Party upon learning of its inadvertent disclosure; and (ii) seek the
3  immediate return of the Confidential Information from the unauthorized party in
4  possession of the Confidential Information.

## NON-TERMINATION

6  18.  All provisions of this Protective Order restricting the communication or
7  use of Confidential Information shall continue to be binding after the conclusion of
8  this Litigation.  Upon the conclusion of the Litigation, including any appeals, a party
9  in the possession of Confidential Information, other than that which is contained in
10 pleadings, correspondence, work product, and deposition transcripts, shall either (a)
11 return such documents no later than 60 days after conclusion of this action to counsel
12 for the Disclosing Party, or (b) destroy such documents within 60 days, and certify in
13 writing to the Disclosing Party that the documents have been destroyed.  If any
14 Confidential Information has been furnished under this Order to any expert or other
15 third-party, counsel for the party furnishing the Confidential Information shall
16 request in writing that all such Confidential Information, other than that which is
17 contained in pleadings, correspondence, work product, and deposition transcripts, be
18 returned to counsel or destroyed.

## MODIFICATION PERMITTED

20 19.  Nothing in this Protective Order shall prevent any party or other person
21 from seeking modification of this Protective Order.

## NO WAIVER OF OBJECTIONS

23 20.  Nothing in this Protective Order shall constitute a waiver of a party's
24 right to object to any Discovery Materials on any grounds or to object to the
25 admission in evidence of Discovery Materials at any motion hearing or trial.
26 Nothing in this Protective Order shall be deemed to expand or limit the permissible
27 scope of discovery in this litigation.

- 9 -
[PROPOSED] PROTECTIVE ORDER ON AMENDED
STIPULATION RE CONFIDENTIAL INFORMATION

## RESPONSIBILITY OF ATTORNEYS

21. The counsel for the parties are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to and distribution of copies of Confidential Information.

22. The counsel for the parties are responsible for administering and keeping the executed original copy of Exhibit A pursuant to ¶¶ 11( d), (f) , and (i) above.

## NO WAIVER

23. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent or unintentional disclosure of Discovery Materials protected by any privilege or work product protection. Pursuant to the Court's authority under Federal Rule of Evidence 502 and any other applicable law, rule, or legal principal, the inadvertent production of Discovery Materials subject to the attorney-client privilege or work-product immunity shall not waive the privilege or immunity if a written request for the return of such documents or information is made promptly after the Disclosing party learns of its inadvertent production. Upon such a written request, the receiving party shall return to the Disclosing party or destroy all copies of the Discovery Materials identified by the Disclosing party as subject to the privilege or work-product immunity.

24. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of Discovery Materials, whether designated Confidential Information or not.

[PROPOSED] PROTECTIVE ORDER ON AMENDED
STIPULATION RE CONFIDENTIAL INFORMATION

1  **IT IS SO ORDERED.**

3  DATED: February 18, 2015       By: _____
4                                      HONORABLE RAPLH ZAREFSKY
                                       UNITED STATES MAGISTRATE JUDGE

- 11 -
[PROPOSED] PROTECTIVE ORDER ON AMENDED
STIPULATION RE CONFIDENTIAL INFORMATION

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *City of Los Angeles v. Citigroup Inc., et al.,* Case No. 13-CV-09009.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any matter any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order.

Date: _____

City and State: _____

Printed name: _____

Signature: _____

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on January 2, 2015, I electronically filed the foregoing |
| 3 | document using the CM/ECF system which will send notification of such filing to |
| 4 | the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic |
| 5 | Mail Notice List. |

                                                                                  /s/ Andy Katz  
                                                                                    Andy Katz