1  MICHAEL N. FEUER (SBN 111529)
   CITY ATTORNEY
2  *mike.feuer@lacity.org*
   JAMES P. CLARK (SBN 64780)
3  CHIEF DEPUTY CITY ATTORNEY
   *james.p.clark@lacity.org*
4  CITY OF LOS ANGELES
   200 N. Main Street, Room 800
5  Los Angeles, CA  90012
   Telephone:  (213) 978-8100
6
7  STEVE W. BERMAN (*pro hac vice*)
   *steve@hbsslaw.com*
8  HAGENS BERMAN SOBOL SHAPIRO LLP
   1918 8th Avenue, Suite 3300
   Seattle, WA  98101
9  Telephone:  (206) 623-7292

10 ELAINE T. BYSZEWSKI (SBN 222304)
   *elaine@hbsslaw.com*
11 LEE M. GORDON (SBN 174168)
   *lee@hbsslaw.com*
12 HAGENS BERMAN SOBOL SHAPIRO LLP
   301 North Lake Avenue, Suite 203
13 Pasadena, CA  91101
   Telephone: (213) 330-7150
14
15 [Additional Counsel Listed on Signature Page]

16 *Attorneys for Plaintiff the City of Los Angeles*

17            **UNITED STATES DISTRICT COURT**

18            **CENTRAL DISTRICT OF CALIFORNIA**

19
20 CITY OF LOS ANGELES, a municipal )   No. 2:13-cv-09009-ODW(RZx)
   corporation,                    )
21                                 )   <u>CLASS ACTION</u>
                        Plaintiff, )
22                                 )   **PLAINTIFF'S MODIFIED**
        v.                         )   **REGRESSION RESULTS**
23                                 )   **PURSUANT TO SEPTEMBER 8,**
   CITIGROUP, INC.; CITIBANK, N.A.;)   **2015 ORDER**
24 CITIMORTGAGE, INC.; CITI        )
   HOLDINGS, INC.; and CITICORP    )   Courtroom:  11
   TRUST BANK, FSB                 )   Judge:  Hon. Otis D. Wright, II
25                                 )
                       Defendants. )   Complaint filed: December 5, 2013
26                                 )
27 _____)

28

1    Pursuant to the stipulation of the parties and the Court's September 9, 2015

2    Order stating that "Plaintiff shall exclude the Non-Party Loans from the statistical

3    analyses referenced in paragraphs ¶¶ 9, 13, 88-89, 94-97, 99-102, 104, and 110-12 in

4    Plaintiff's complaint, shall provide Defendants' counsel with a document reporting

5    the modified results within 14 days of this Joint Stipulation, and shall file the

6    modified results with the Court thereafter," Plaintiff now does so.

7    As referenced in paragraph 9 of the Complaint:  A loan in a predominantly

8    minority neighborhood is 4.667 times more likely to result in foreclosure than is a

9    loan in a predominantly white neighborhood.

10   As referenced in paragraph 13 of the Complaint:  For example, a regression

11   analysis that controls for credit history and other factors demonstrates that an

12   African-American Citi borrower is 2.106 times more likely to receive a predatory

13   loan than was a white borrower, and a Latino borrower was 2.358 times more likely

14   to receive such a loan.  The regression analysis confirms that African-Americans

15   with FICO scores over 660 are 2.825 times more likely to receive a predatory Citi

16   loan as is a white borrower, and a Latino borrower is 2.480 times more likely to

17   receive such a loan.

18   As referenced in paragraphs 88 and 89 of the Complaint:  Data reported by the

19   Bank and available through public databases shows that in 2004-2011, 10.2% of

20   loans made by Citi to African-American and Latino customers in Los Angeles were

21   high cost, but only 1.0% of loans made to white customers in Los Angeles were high

22   cost.

23   As referenced in paragraph 94 of the Complaint:  A regression analysis of this

24   data, controlling for borrower race and objective risk characteristics such as credit

25   history, loan-to-value ratio, and the ratio of loan amount to income demonstrates

26   that, from 2004-2011, an African-American borrower was 2.106 times more likely to

27   receive a predatory loan than was a white borrower possessing similar underwriting

28

PLAINTIFFS' MODIFIED        - 1 -
REGRESSION RESULTS

1  and borrower characteristics.  The regression analysis further demonstrates that the

2  odds that a Latino borrower would receive a predatory loan were 2.358 times the

3  odds that a white borrower possessing similar underwriting and borrower

4  characteristics would receive a predatory loan.

5      As referenced in paragraph 95 of the Complaint:  The regression analysis also

6  shows that these disparities persist when comparing only borrowers with FICO

7  scores above 660.  An African-American borrower with a FICO score above 660 was

8  2.825 times more likely to receive a predatory loan as was a white borrower with

9  similar underwriting and borrower characteristics.  A Latino borrower with a FICO

10 score above 660 was 2.480 times more likely to receive a predatory loan as was a

11 white borrower with similar underwriting and borrower characteristics.

12     As referenced in paragraph 96 of the Complaint:  A similar regression analysis

13 taking into account the racial makeup of the borrower's neighborhood rather than the

14 individual borrower's race shows that borrowers in heavily minority neighborhoods

15 in Los Angeles were more likely to receive predatory loans than were borrowers in

16 heavily white neighborhoods.  For example, a borrower in a heavily minority census

17 tract (census tract consisting of at least 80% African-American or Latino households)

18 was 3.041 times more likely to receive a predatory loan as was a borrower with

19 similar characteristics in a heavily white neighborhood (census tract with at least

20 80% white households).

21     As referenced in paragraph 97 of the Complaint:  This data also establishes

22 that Citi disproportionately issued government loans with higher risk features

23 (FHA/VA) to African-American and Latino borrowers in Los Angeles from 2009-

24 2011.  A regression analysis, controlling for borrower race and objective risk

25 characteristics such as ratio of loan amount to income, demonstrates that an African-

26 American borrower was 3.423 times more likely to receive a higher risk government

27 loan than was a white borrower possessing similar borrower and underwriting

28

PLAINTIFF'S MODIFIED
REGRESSION RESULTS

1   characteristics.  The regression analysis further demonstrates that a Latino borrower

2   was 3.448 times more likely to receive a higher risk government loan than was a

3   white borrower possessing similar borrower and underwriting characteristics.

4        As referenced in paragraphs 99 and 100 of the Complaint:  Although only

5   11.4% of Citi's loan originations in Los Angeles from 2004 to 2011 were in census

6   tracts that are at least 80% African-American or Latino, 20.2% of loan originations

7   that had entered foreclosure by February 2013 were in those census tracts.  Similarly,

8   while only 25.6% of Citi's loan originations in Los Angeles from 2004 to 2011

9   occurred in census tracts that are at least 50% African-American or Latino, 40.5% of

10  Citi's loan originations that had entered foreclosure by February 2013 were in those

11  census tracts.  Moreover, while 47.8% of Citi's loan originations in Los Angeles

12  from 2004 to 2011 occurred in census tracts that were less than 20% African-

13  American or Latino, only 29.3% of Citi's loan originations that had entered

14  foreclosure by February 2013 were in those census tracts.

15       As referenced in paragraph 101 of the Complaint:  While 13.6% of Citi's loans

16  in predominantly (greater than 80%) African-American or Latino neighborhoods

17  result in foreclosure, the same is true for only 3.3% of its loans in predominantly

18  (greater than 80%) white neighborhoods.  In other words, a Citi loan in a

19  predominantly African-American or Latino neighborhood is 4.667 times more likely

20  to result in foreclosure as is a Citi loan in a predominantly white neighborhood.

21       As referenced in paragraph 102 of the Complaint:  Specifically, a Citi loan in a

22  predominantly African-American or Latino neighborhood is 4.667 times more likely

23  to result in foreclosure as is a Citi loan in a predominantly white neighborhood.

24       As referenced in paragraph 104 of the Complaint:  A comparison of the time

25  from origination to foreclosure of Citi's loans originated in Los Angeles from 2004

26  to 2011 shows a marked disparity with respect to the speed with which loans to

27  African-Americans and Latinos and whites move into foreclosure.  The average time

28

PLAINTIFF'S MODIFIED
REGRESSION RESULTS

to foreclosure for African-American borrowers is 3.297 years, and for Latino borrowers is 2.924 years.  By comparison, the average time to foreclosure for white borrowers is 3.425 years.

As referenced in paragraph 110 of the Complaint:  A regression analysis of loans issued by Citi in Los Angeles from 2004-2011, controlling for objective risk characteristics such as credit history, loan-to-value ratio, and the ratio of loan amount to income, demonstrates that a predatory loan is 1.978 times more likely to result in foreclosure than is a non-predatory loan.

As referenced in paragraph 111 of the Complaint:  The regression analysis further demonstrates that a predatory loan in a heavily minority neighborhood (census tract consisting of at least 80% African-American and Latino households) is 5.804 times more likely to result in foreclosure as is a non-predatory loan with similar risk characteristics in a heavily white neighborhood (census tract with at least 80% white households).

As referenced in paragraph 112 of the Complaint:  The regression analysis also demonstrates that a predatory loan made to an African-American borrower was 1.655 times more likely to result in foreclosure than was a non-predatory loan made to a white borrower with similar borrower and underwriting characteristics.  A predatory loan made to a Latino borrower was 2.355 times more likely to result in foreclosure than was a non-predatory loan made to a white borrower with similar risk characteristics.

Respectfully submitted,

DATED: September 16, 2015          HAGENS BERMAN SOBOL SHAPIRO LLP

By:   /s/ Elaine T. Byszewski
Elaine T. Byszewski (SBN 222304)
*elaine@hbsslaw.com*
Lee M. Gordon (SBN 174168)
*lee@hbsslaw.com*
301 North Lake Avenue, Suite 203
Pasadena, CA  91101

PLAINTIFF'S MODIFIED
REGRESSION RESULTS

- 4 -

1 Telephone:  (213) 330-7150

2 Steve W. Berman (*pro hac vice*)
  *steve@hbsslaw.com*
3 HAGENS BERMAN SOBOL SHAPIRO LLP
4 1918 Eighth Avenue, Suite 3300
  Seattle, WA  98101
5 Telephone:  (206) 623-7292

6 Michael Feuer (SBN 111529)
  City Attorney
7 *mike.feuer@lacity.org*
8 James P. Clark (SBN 64780)
  Chief Deputy City Attorney
9 *james.p.clark@lacity.org*
  CITY OF LOS ANGELES
10 200 N. Main Street, Room 800
  Los Angeles, CA 90012
11 Phone: (213) 978-8100

12 Joel Liberson (SBN 164857)
  *joel@taresources.com*
13 Howard Liberson (SBN 183269)
14 *howard@taresources.com*
  TRIAL & APPELLATE RESOURCES, P.C.
15 400 Continental Blvd., Sixth Floor
  El Segundo, CA  90245
16 Telephone:  (310) 426-2361

17 Robert Peck (*pro hac vice*)
18 *robert.peck@cclfirm.com*
  CENTER FOR CONSTITUTIONAL
19 LITIGATION
  777 Sixth Street NW, Suite 520
20 Washington, DC  20001
  Telephone:  (202) 944-2803
21

22 Clifton Albright (SBN 100020)
  *clifton.albright@ayslaw.com*
23 ALBRIGHT YEE & SCHMIT
  888 West Sixth Street, Suite 1400
24 Los Angeles, CA  90017
  Telephone: (213) 833-1700
25

26 *Attorneys for Plaintiff the City of Los Angeles*

27

28
  PLAINTIFF'S MODIFIED
  REGRESSION RESULTS

1

2

## **CERTIFICATE OF SERVICE**

3

4     I hereby certify that on September 16, 2015, I electronically filed the

5     foregoing document using the CM/ECF system which will send notification of such

      filing to the e-mail addresses registered in the CM/ECF system.

6

7                                                    */s/ Jennifer A. Conte*

8                                                    Jennifer A. Conte

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MODIFIED
REGRESSION RESULTS